Timothy J. Fierst, Esq. (TF 3247)
The Fierst Law Group P.C.
Attorneys for the Plaintiff
462 Sagamore Avenue, Suite 2
East Williston, New York 11596

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DIFEI LOGISTICS INC.

                           *Plaintiff(s),*

-against-

MO MO PRODUCE CORP. and HYUN JUNG KIM individually
and in any corporate capacity

                           *Defendant(s).*
-------------------------------------------------------------------------X

Case No.

**COMPLAINT**

The Plaintiff, DIFEI LOGISTICS INC., as and for its Complaint against the Defendants MO MO PRODUCE COR. and HYUN JUNG KIM individually and in any corporate capacity, (Collectively the "Defendants") respectfully alleges as follows:

### I. Jurisdiction

1. Jurisdiction over the Defendants is based upon Section 5(c) of the Perishable Agricultural Commodities Act (the "PACA"), as amended, 7 U.S.C. § 499e, and pursuant to 28 U.S.C. §1331.

### II. Venue

2. Venue in this District is based on 28 U.S.C. § 1391 in that the substantial part of the events giving rise to the claims arose in this District.

### III. Parties

3. Plaintiff, DIFEI LOGISTICS INC. ("Plaintiff") is a Florida corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities

1

(Hereinafter referred as "DIFEI" or Plaintiff'). At all times herein mentioned Plaintiff was a licensed dealer under the provisions of PACA.

4. Defendant, MO MO PRODUCE CORP. (hereinafter referred to as "MO MO") is a New York Corporation in the business of buying wholesale quantities of Produce in interstate commerce and was at all times subject to the provisions of PACA as a "dealer". MO MO maintains a business address at 445 Northern Blvd. Suite 24A, Great Neck, NY 11021.

5. MO MO, its agents, servants, and employees has purchased perishable agricultural commodities exceeding $230,000.00 annually and/or is purchasing at least 2,000 lbs. of perishable agricultural commodities on any one day.

6. Defendant HYUN JUNG KIM (hereinafter referred to as "HYUN") is and was an officer, director and/or equity holder of MO MO during the period of time in question who controlled the operations of MO MO and is and was in position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff. HYUN maintains a residence at 445 Northern Blvd. Suite 24A, Great Neck, NY 11021.

7. Mo Mo and Hyun are collectively referred to as the "Defendants".

### IV. Claims for Relief
### COUNT I
### Failure to Maintain PACA Trust
### 7 U.S.C. §§ 499e(c)(2), 499e(c)(4)
### (Against MO MO and Hyun)

8. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 7 as if fully set forth herein.

9. From April 18, 2022, through June 24, 2022, DIFEI sold and delivered to the defendants MO MO and Hyun, at their request, in interstate commerce, perishable agricultural commodities. The invoices representing such purchases are annexed as Exhibit "A".

10. MO MO and Hyun received and accepted the perishable agricultural commodities from the Plaintiff without objection.

11. Pursuant to the trust provisions of the PACA, at the time of receipt of said commodities, a trust was established in favor of the Plaintiff as to all commodities received by the Defendants, all inventories of food or other products derived from said commodities (the "Proceeds"), and the proceeds from the sale of such commodities until full payment is made for said commodities by the Defendants to the Plaintiff.

12. Plaintiff forwarded to MO MO and Hyun the invoices corresponding to each shipment of Produce. *See* Ex. A.

13. The defendants MO MO and Hyun have failed and refused to pay for the commodities despite repeated demands. Indeed, MO MO's attempt at paying for the Produce was returned for insufficient funds.

14. The Plaintiff furnished timely billings to the Defendants, which contained the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

15. The Plaintiff is an unpaid supplier or seller of perishable agricultural commodities as those terms are used in the PACA. The amount due is FORTY-THREE THOUSAND ONE HUNDRED SEVENTY and 50/100 ($43,170.50) DOLLARS.

16. Upon information and belief, the defendants, MO MO and Hyun failed to hold, in trust for the benefit of the Plaintiff, such perishable agricultural commodities received by it from the

Plaintiff, all inventories of food or other products derived from said commodities and any receivables or proceeds from the sale of said commodities in violation of the PACA.

17. The defendants' MO MO and Hyun accounts receivable and the proceeds thereof are PACA trust assets pursuant to 7 U.S.C. §499e(c).

18. The defendants MO MO and Hyun have received such PACA assets.

19. The defendants MO MO and Hyun are the trustee, by operation of law, of such PACA assets.

20. Upon information and belief, the defendants MO MO and Hyun, have retained such PACA assets and have refused to account to the Plaintiff as a PACA creditor.

21. The defendants, MO MO and Hyun have been unjustly enriched as a result of its receipt and retention of the PACA assets to which the Plaintiff is entitled by statute. The Defendants cannot retain the benefit of the PACA assets, and as such, is a trustee of such assets for the benefit of the Plaintiff.

22. Upon information and belief, certain of the PACA assets now held by defendants MO MO and Hyun have been used by it in the ordinary course of its business operation or otherwise dissipated.

23. The defendants MO MO and Hyun have been unjustly enriched to the extent that it has received the payment of PACA trust assets and the Plaintiff, as trust beneficiary has been damaged to the extent that such accounts receivable was so applied. Therefore, the defendants MO MO and Hyun are deemed to hold such sums equal to the amounts received as a constructive trustee for the benefit of the Plaintiff as beneficiary. Pursuant to 7 U.S.C. §499e(c)(4), the defendants MO MO and Hyun must be ordered immediately to pay the sum of $43,170.50 with interest to the Plaintiff in full payment of its trust claim to the extent that such trust funds were received by the defendant. See Exhibit A.

24. The Plaintiff requests that the Court declare the defendants MO MO and Hyun have violated the PACA and PACA regulations, requiring the defendants MO MO and Hyun to segregate from its other assets all of the PACA assets in its possession, custody or control of which the Plaintiff is a trust beneficiary and to maintain such PACA assets in a manner whereby they are freely available to satisfy the Defendants' obligations to pay to the Plaintiff the amount of $43,170.50; directing the defendants MO MO and Hyun promptly to make a payment in the amount of $43,170.50 to the Plaintiff with the PACA and PACA regulations.

25. In the absence of such relief, the defendants MO MO and Hyun will continue to violate the PACA.

### V. Claims for Relief
### COUNT II
### Failure to Maintain PACA Trust
### 7 U.S.C. §§ 499e(c)(2), 499e(c)(4)
### (Against All the Defendants )

26. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 25 as if fully set forth herein.

27. Upon information and belief, proceeds obtained from the resale of the perishable agricultural commodities purchased on credit from Plaintiff by Mo Mo that were to make full payment promptly to trust beneficiaries as required by §§ 499e (c) (2), were improperly expended by Mo MO for other purposes.

28. Upon information and belief, Mo Mo received funds subject to the trust arising under 7 U.S.C.§§ 499e (c), which should've been used to pay the Plaintiff's outstanding invoices but were not.

29. As a direct result of the dissipating of trust assets by Mo Mo, the Plaintiff has suffered damages. From April 18, 2022, through June 24, 2022, DIFEI sold and delivered to the

Defendants at their request, in interstate commerce, perishable agricultural commodities. The invoices representing such purchases are annexed as Exhibit "A"

30. The Defendants received and accepted the perishable agricultural commodities from the Plaintiff without objection.

31. Pursuant to the trust provisions of the PACA, at the time of receipt of said commodities, a trust was established in favor of the Plaintiff as to all commodities received by the Defendants, all inventories of food or other products derived from said commodities (the "Proceeds"), and the proceeds from the sale of such commodities until full payment is made for said commodities by the Defendants to the Plaintiff.

32. Plaintiff forwarded to MO MO the invoices corresponding to each shipment of Produce. *See* Ex. A.

33. The Defendants have failed and refused to pay for the commodities despite repeated demands.

34. The Plaintiff furnished timely billings to the Defendants, which contained the following language:

   The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

35. The Plaintiff is an unpaid supplier or seller of perishable agricultural commodities as those terms are used in the PACA. The amount due is FORTY-THREE THOUSAND ONE HUNDRED SEVENTY and 50/100 ($43,170.50) DOLLARS.

36. Upon information and belief, the Defendants have failed to hold, in trust for the benefit of the Plaintiff, such perishable agricultural commodities received by it from the Plaintiff, all

inventories of food or other products derived from said commodities and any receivables or proceeds from the sale of said commodities in violation of the PACA.

37. The Defendants' accounts receivable and the proceeds thereof are PACA trust assets pursuant to 7 U.S.C. §499e(c).

38. The Defendants have received such PACA assets.

39. The Defendants are a trustee, by operation of law, of such PACA assets.

40. Upon information and belief, the Defendants have retained such PACA assets and have refused to account to the Plaintiff as a PACA creditor.

41. The Defendants have been unjustly enriched as a result of its receipt and retention of the PACA assets to which the Plaintiff is entitled by statute. The Defendants cannot retain the benefit of the PACA assets, and as such, is a trustee of such assets for the benefit of the Plaintiff.

42. Upon information and belief, certain of the PACA assets now held by the Defendants have been used by it in the ordinary course of its business operation or otherwise dissipated.

43. The Defendants have been unjustly enriched to the extent that it has received the payment of PACA trust assets and the Plaintiff, as trust beneficiary has been damaged to the extent that such accounts receivable was so applied. Therefore, the Defendants are deemed to hold such sums equal to the amounts received as a constructive trustee for the benefit of the Plaintiff as beneficiary. Pursuant to 7 U.S.C. §499e(c)(4), the Defendants must be ordered immediately to pay the sum of $12,801.50 with interest to the Plaintiff in full payment of its trust claim to the extent that such trust funds were received by the Defendants. See Exhibit A.

44. The Plaintiff requests that the Court declare the Defendants have violated the PACA and PACA regulations, requiring the Defendants to segregate from its other assets all of the

PACA assets in its possession, custody or control of which the Plaintiff is a trust beneficiary and to maintain such PACA assets in a manner whereby they are freely available to satisfy the Defendants' obligations to pay to the Plaintiff the amount of $43,170.50; directing the Defendants promptly to make a payment in the amount of $43,170.50 to the Plaintiff with the PACA and PACA regulations.

45. In the absence of such relief, the Defendants will continue to violate the PACA.

### VI. Claims for Relief
### COUNT III
### Failure to Maintain PACA Trust
### 7 U.S.C. §§ 499e(c)(2), 499e(c)(4)
### (Against Hyun)

46. The Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 45 as it set forth fully herein.

47. The defendant Hyun is and was the officer, director and/or shareholder of Mo Mo and is and was in position of control the operations of Mo Mo and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff.

48. Hyun failed and refused to pay the Plaintiff $43,170.50 from the PACA trust, which sum is unpaid and overdue to the Plaintiff for the perishable agricultural commodities received and accepted by Hyun from Plaintiff.

49. The defendant Hyun is personally responsible to pay all sums due to the Plaintiff.

50. For all the foregoing reasons, the Plaintiff has been damaged in the sum of $43,170.50.

## COUNT V
## Failure to Maintain PACA Trust
## 7 U.S.C. §§ 499e(c)(2), 499e(c)(4)
### (Against All Defendants)

51. The Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 50 as it set forth fully herein.

52. Upon information and belief, proceeds obtained from the resale of the perishable agricultural commodities purchased on credit from the Plaintiff by the Defendants that were needed to make full payment promptly to trust beneficiaries as required by U.S.C. § 499e(c)(2), were improperly expended by the Defendants for other purposes.

53. Upon information and belief, Defendants received funds subject to the trust arising under 7 U.S.C. § 499e(c), which should have been used to pay the Plaintiff's outstanding invoices but were not.

54. As a direct result of the dissipation of trust assets by the Defendants, Plaintiff has suffered damages.

## COUNT VI
## Breach of Fiduciary Duty / Non-Dischargeability/Failure to Pay for Goods Sold
### (Against All Defendants)

55. The Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 54 as if set forth fully herein.

56. This Count is alleged to enforce the provisions of the PACA, specifically, 7 U.S.C. §§499b(4), 499e(a) and 499e(b), as follows:

> §499b. It shall be unlawful in or in connection with any transaction in interstate or foreign commerce:
>
> (4) For any commission merchant dealer or broker to fail or refuse truly and correctly to account and make full payment promptly in respect of

> any transaction in any such commodity to the person with whom such transaction is had; or to fail without reasonable cause, to perform any specification or duty, express or implied arising out of any undertaking in connection with any such transaction.
>
> §499e.
> (a) Amount of Damages. If any commission merchant, dealer or broker violates any provision of section 499b of this title he shall be liable to the person or persons injured thereby for the full amount of damages (including any handling fee paid by the injured person or persons under section 499f(a)(2) of this title) sustained in consequent of such violation.
> (b) Remedies. Such liability may be enforced either (1) by complaint to the Secretary as hereinafter provided, or (2) by suit in any court of competent jurisdiction; but this section shall not in any way abridge or alter the remedies now existing at common law or by statute, and the provisions of this chapter are in addition to such remedies.

57. Upon information and belief, the Defendants received, in the regular course of business, funds subject to the PACA statutory trust which were not used for the payment of the outstanding invoices for the Plaintiff.

58. Upon information and belief, Defendants, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to the Plaintiff as required by PACA, 7 U.S.C. § 499b (4), thereby heightening liability herein to a state of non-dischargeability pursuant to 11 U.S.C. § 523(a).

59. As a direct result of the foregoing, the Defendants, have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of the Plaintiff, and, as a direct result, the Plaintiff has suffered damages in the amount of $43,170.50.

## COUNT VII
## Breach of Contract / Action on Account
### (Against Mo Mo)

60. The Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 59 as if set forth fully herein.

61. From April 18, 2022, through June 24, 2022, Mo Mo contracted with the Plaintiff to purchase fresh foods, fruits and vegetables on credit.

62. Pursuant to the payment terms between the Plaintiff and the Defendants are in default as to the Plaintiff on the amounts unpaid and outstanding.

63. The Defendants breached the contract by failing and refusing to pay the Plaintiff as indicated by the amounts in *Exhibit A*. As a result, the Plaintiff has suffered damages in the amount of $43,170.50.

## COUNT VIII
## Interest and Attorney's Fees
### (Against All Defendants)

64. The Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 63 as if set forth fully herein.

65. Pursuant to PACA, 7 U.S.C. § 499e(c), and the Regulations promulgated thereunder, Defendants were statutorily required to maintain a trust in favor of the Plaintiff in order to make full payment to the Plaintiff of said amount, $43,170.50.

66. As a result of the failure of Defendants to maintain the trust and to make full payment promptly, the Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trustees.

67. As a result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, the Plaintiff has lost the use of said money.

68. The Plaintiff will not receive full payment as required by PACA, 7 U.S.C. § 499e(c), if the Plaintiff must expend part of said payment on attorneys' fees, and litigation costs, and also suffer the loss of interest on the outstanding amounts owed, all because of violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

69. In addition to the above recitals, the Plaintiff maintains express claims for interest and attorneys' fees based upon the terms listed on each invoice, as between merchants, which were all bargained terms of the contract and are sums owing in connection with the produce transaction.

## PRAYER

1. **WHEREFORE,** the plaintiff prays that this court issue an Order:

    1. Granting judgment in favor of the Plaintiff and against the Defendants, jointly and severally, in the principal amount of $43,170.50, together with pre-judgment interest and post-judgment interest, attorneys' fees and costs.

    2. Declaring and directing the Defendants to establish and/or preserve a trust fund consisting of funds sufficient to pay the Plaintiff's principal trust claim of $43,170.50 plus pre-judgment interest, attorneys' fees and costs;

    3. Preliminarily enjoining, until the entry of the relief herein requested and compliance therewith, Defendants and their agents, employees and representatives from, in any way, directly or indirectly, transferring, assigning or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

4. Declaring and directing Defendants to disgorge, assign, transfer, deliver and turn over to the Plaintiff as much of the above-described trust fund as is necessary to fully compensate to the Plaintiff for the damages it has suffered and continues to suffer;

5. Granting the Plaintiff reasonable costs and expenses, including attorneys; fees in this action; and

6. Such other and further relief; whether in law or in equity, as this court deems just and proper.

Dated: November 8, 2022
East Williston, New York

Respectfully submitted,

**THE FIERST LAW GROUP P.C.**

By:_____

**TIMOTHY J. FIERST ESQ. (TF-3247)**
Attorney for Plaintiff
462 Sagamore Avenue, Suite 2
East Williston, NY 11596
(516) 586 - 4221