UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DIFEI LOGISTICS INC.,

                                      Plaintiff,

      -against-

MO MO PRODUCE CORP. and HYUN JUNG KIM,

                                    Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-06871 (JMA) (ST)

FILED
CLERK
3:22 pm, Dec 05, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Currently before the Court is the motion of Plaintiff Difei Logistics Inc. ("Plaintiff") for a preliminary injunction against Defendants Mo Mo Produce Corp. ("Mo Mo") and Hyun Jung Kim ("Kim") (collectively, "Defendants"). (ECF No. 6.) Plaintiff seeks an order that would enjoin Defendants and their agents, employees, officers, directors, subsidiaries, related entities, assigns, and banking institutions from taking any action to alienate Perishable Agricultural Commodities Act ("PACA") trust assets in the sum of $43,170.50, except for payment to Plaintiff, and directing Defendants to account for their assets and liabilities. The Court ordered Defendants to show cause, at a hearing held on December 1, 2022, why a preliminary injunction should not issue. (ECF No. 10.) Defendants failed to appear at the hearing and have not otherwise opposed Plaintiff's motion. (ECF No. 14.) For the following reasons, Plaintiff's motion is GRANTED.

      PACA provides that "a 'commission merchant, dealer, or broker' who receives 'perishable agricultural commodities' is required to hold those goods, or their proceeds, in trust for the benefit of any unpaid seller or supplier involved in the transaction." <u>Henry Avocado Corp. v. Z.J.D. Brother, LLC</u>, No. 17-CV-4559, 2019 WL 1586865, at *7 (E.D.N.Y. Apr. 12, 2019) (citing 7 U.S.C. § 499e(c)(2)). Accordingly, the produce buyer "becomes a trustee and has a fiduciary obligation under PACA to repay the full amount of the debt owed to the PACA beneficiary. Buyers who

dissipate or otherwise spend the proceeds of the trust without making full payment to the seller are in breach of their fiduciary duties." S. Katzman Produce Inc. v. Kato Food Corp., No. 16-CV-8116, 2016 WL 6561414, at *4 (S.D.N.Y. Oct. 26, 2016) (internal citations omitted).

"The usual standard for preliminary injunctions applies to applications based upon the duties of a statutory trustee under PACA." Cent. Produce Corp. v. 34-18 M&M Corp., No. 17-CV-3841, 2017 WL 11487931, at *1 (E.D.N.Y. July 14, 2017) (internal quotation marks and citation omitted). Thus, "[t]he applicant must make an appropriate showing with regard to the merits of the litigation, and also must show the likelihood of irreparable injury if the requested relief is not granted." Id. (internal quotation marks and citation omitted). "Specifically, the movant must show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Id. (internal quotation marks and citation omitted).

Plaintiff has satisfied the standard for granting a preliminary injunction, and its motion is, therefore, granted.

First, Plaintiff has demonstrated a likelihood of success on the merits of its PACA claim. Plaintiff is a PACA licensee and sold $43,170.50 worth of produce to Defendants between April and June 2022. (See Decl. in Supp. of Pl.'s Mot. for TRO and Prelim. Inj. ("Pl.'s Decl.") ¶¶ 2, 8 and Exs. A–B, ECF No. 8.) Defendants accepted the produce delivered to them "without protest" and "have never disputed the amount due to [Plaintiff]." (Id. ¶ 9.) Plaintiff preserved its interest in the PACA trust, as confirmed by invoices timely submitted to Defendants containing the language necessary to perfect its trust interest by notice. (Id. at Ex. B); see also 7 U.S.C. § 499e(c)(4) ("The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7

2

U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."). Finally, Plaintiff has provided evidence that "Defendant attempted to make some payments towards the outstanding balance, but those payments were returned for insufficient funds." (Pl.'s Decl. ¶ 11 and Ex. C.)

Second, Plaintiff is likely to suffer irreparable harm in the absence of an injunction. "The irreparable harm here, as in other PACA cases, is the risk that a produce buyer will have dissipated the PACA trust without paying the produce seller, thus leaving the produce seller out of luck and out of money." S. Katzman Produce, 2016 WL 6561414, at *5 (internal quotation marks and citation omitted). That Defendants' checks have been returned for insufficient funds indicates that dissipation of trust assets has already occurred.

Third, the balance of equities tips in Plaintiff's favor because granting its motion "would only require that Defendants satisfy their fiduciary duties under PACA. Defendants will not be harmed by fulfilling their statutory obligations and preventing the dissipation of trust assets." Cent. Produce Corp., 2017 WL 11487931, at *2 (internal quotation marks and citation omitted).

Finally, a preliminary injunction is in the public interest. See 7 U.S.C. § 499e(c)(1) ("This subsection is intended to remedy such burdens on commerce in perishable agricultural commodities and to protect the public interest.").

It appearing that Plaintiff will be irreparably and immediately harmed if the relief requested is not granted, and for good cause shown;

**IT IS HEREBY ORDERED,** that Plaintiff's motion for a preliminary injunction (ECF No. 6) is GRANTED; and it is further

3

**ORDERED** that Defendants, their agents, employees, officers, directors, subsidiaries, related entities, assigns, and banking institutions, shall not alienate any assets of Defendants, or any subsidiaries and related companies, except for payment to Plaintiff, until further order of this Court or until Defendants pay Plaintiff the sum of $43,170.50 by bank check or wire transfer, at which time this Order is dissolved; and it is further

**ORDERED** that in the event Defendants fail to pay Plaintiff the sum of $43,170.50 by bank check or wire transfer within ten business days of the date of this Order, Defendants shall supply to Plaintiff's counsel an accounting which identifies the assets and liabilities and accounts receivable reports of the Defendants signed under penalty of perjury, and that Defendants shall also supply to Plaintiff's counsel, within ten business days of the date of this Order, any and all documents in their possession, custody, or control related to the assets and liabilities of Defendants and any related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records, income tax returns, and bank statements with canceled checks for the last 90 days; and it is further

**ORDERED**, that delivery of a copy of this Order to Defendants shall be deemed to constitute notice of this Order upon Defendants, their officers, agents, servants, and employees pursuant to Federal Rule of Civil Procedure 65(d)(2).

**SO ORDERED.**

Dated: December 5, 2022
Central Islip, New York

/s/   (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE